NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HESTER M.,

                Plaintiff,

                v.

FRANK BISIGNANO,
Commissioner of Social Security,

                Defendant.

Civil Action No. 25-1902 (MAS)

**MEMORANDUM OPINION**

SHIPP, District Judge

This matter comes before the Court upon Plaintiff Hester M.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") and Disabled Widow's Benefits ("DWB") under Title II and Part A of Title XVIII of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the decision of the Administrative Law Judge ("ALJ").

I.      **BACKGROUND**

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A.    Procedural Background

Plaintiff filed an application for DIB on March 27, 2023, and an application for DWB on April 11, 2023, alleging in both applications a disability onset date of October 28, 2022. (AR 17, 171-75, 184-188, ECF No. 6.[2]) The Social Security Administration (the "Administration") denied the applications both initially and upon reconsideration. (*Id.* at 45-62, 68-88.) Plaintiff, thereafter, requested a hearing, and the ALJ held a telephone hearing on April 18, 2024. (*Id.* at 28-44.) On May 20, 2024, the ALJ denied Plaintiff's claims finding that Plaintiff was not disabled. (*Id.* at 17-23.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-3), making the ALJ's May 20, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On June 2, 2025, Plaintiff filed her moving brief in this action. (Pl.'s Moving Br., ECF No. 7.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 11), and Plaintiff replied (Pl.'s Reply Br., ECF No. 12).

### B.    The ALJ's Decision

In his May 20, 2024, decision the ALJ concluded that Plaintiff was not disabled. (AR 23.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 18-19 (citing 20 C.F.R. § 404.1520(a)).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2027." (*Id.* at 19.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity since October 28, 2022, the alleged onset date[.]" (*Id.* at 20.) At step two, the ALJ determined that Plaintiff had the following medically determinable

---

[2] The Administrative Record ("AR") is located at ECF Nos. 6 through 6-7. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

impairments: (1) post-traumatic osteoarthritis of the right knee; and (2) type II diabetes mellitus. (*Id.*) The ALJ then found that Plaintiff did "not have an impairment or combination of impairments that has significantly limited (or [wa]s expected to significantly limit) the ability to perform basic work-related activities for [twelve] consecutive months" and therefore "d[id] not have a severe impairment or combination of impairments[.]" (*Id.*)

The ALJ, accordingly, determined that Plaintiff was not disabled, as defined in the Act, from October 28, 2022 (the alleged onset date), through the date of the ALJ's decision, May 20, 2024, for the purposes of Plaintiff's DIB and DWB claims. (*Id.* at 23.)

## II.    LEGAL STANDARD

### A.    Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

3

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

## B.    Establishing Disability[3]

To be eligible for DIB, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering [her] age, education, and work

---

[3] To receive DWB, Plaintiff "must show that 'she is (1) at least 50 but less than 60 years old; (2) the widow of a wage earner; and (3) under a disability as defined in 42 U.S.C. § 423(d)(2)(A).'" *Mace v. Colvin*, No. 15-1229, 2016 WL 6600004, at *1 n.2 (M.D. Pa. Nov. 8, 2016) (citation omitted). "The standard for demonstrating disability when seeking [DWB] is the same as the general disability standard[.]" *Id.*

experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bown v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; *Id.* § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See Id.* § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If the claimant's RFC permits her previous employment, she is not "disabled" and thus is not entitled to DIB. *Id.* § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work

experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive DIB. *Id.*

## III.    DISCUSSION

Plaintiff appeals the ALJ's decision and raises two primary arguments in support of remand. (*See generally* Pl.'s Moving Br.; Pl.'s Reply Br.) Specifically, Plaintiff contends that the ALJ erred in: (1) his evaluation of the severity of Plaintiff's impairments; and (2) failing to evaluate and develop the evidence related to Plaintiff's mental impairments. (Pl.'s Moving Br. 2-19; Pl.'s Reply Br. 1-16.)

As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence.

### A.    The ALJ's Determination that Plaintiff's Impairments Are Not Severe Is Supported by Substantial Evidence in the Record.

Plaintiff argues the ALJ erred in making his determination that none of Plaintiff's impairments were severe. (Pl.'s Moving Br. 2-10; Pl.'s Reply Br. 1-8.) Plaintiff specifically contends that the ALJ: (1) failed "to consider evidence showing significant limitations related to [Plaintiff's] osteoarthritis of the bilateral knees" (Pl.'s Moving Br. 4); (2) was "required to determine whether there was any [twelve] month period during the relevant time period when her impairments precluded her from work" (*id.* at 5); (3) "erred by relying solely upon his own lay judgment to dismiss [Plaintiff's] progressive impairment and reject it outright" (*id.* at 8); and (4) failed to adequately develop the record (*id.* at 10).

First, while the ALJ found that Plaintiff's osteoarthritis of the right knee was medically determinable, the ALJ's determination that Plaintiff's osteoarthritis of the bilateral knees was not a severe impairment is supported by substantial evidence in the record. At the outset, the ALJ explained that he came to his decision "[a]fter careful consideration of the entire record[]" (AR at

6

19), which this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and the Court "should take [the ALJ] at his word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at his word."). The ALJ also noted that Plaintiff's medical records did "not demonstrate any treatment prior to or . . . on the alleged onset date[,]" and that they did "not reflect *any* treatment until . . . nine months after the alleged onset date[.]" (AR 21-22 (emphasis added).) The ALJ considered that: (1) Plaintiff's "longitudinal treatment records [were] quite limited" (*id.* at 21); (2) Plaintiff saw orthopedic specialists approximately three times between September 2023 and March 2024 (*id.* at 22, 324, 337, 344); (3) with regard to her right knee, Plaintiff's exam showed a range of motion from five to one hundred and fifteen degrees, and that X-rays showed severe lateral compartment arthritis, mild medial compartment arthritis, and mild patellofemoral arthritis (*id.* at 22); (4) Plaintiff received a "corticosteroid injection in November 2023, which provided relief for about a month and a half[]" (*id.*); and (5) Plaintiff's follow up appointment in February 2024 "showed tenderness and effusion, a palpable baker's cyst, and abnormal flexion range of motion" but "otherwise [Plaintiff] had normal right knee strength, negative testing maneuvers, and her knee was stable to stress" (*id.*). The ALJ explained that "[o]ther than the objective findings of her right knee, the overall physical examination was reported within normal limits." (*Id.*) The ALJ further noted that Plaintiff was recommended for, and administered, a series of three Euflexxa injections. (*Id.*)

Moreover, at the hearing, the ALJ specifically noted that he ran an update for records from one of Plaintiff's providers. (*Id.* at 32-33.) The ALJ also asked Plaintiff's counsel whether there were any additional records that Plaintiff wanted the ALJ to consider. (*Id.* at 32-33.) In response,

Plaintiff's attorney explicitly stated on the record that he "d[id not] think [he] would ask for the record to be held open for anything additional[,]" and that he "would consider the record complete." (*Id.* at 33.) The ALJ, accordingly, properly considered the evidence in the record and determined that Plaintiff did not have a severe impairment, which is supported by substantial evidence. *Harris v. Berryhill*, No. 16-6171, 2017 WL 4854110, at *5 (E.D. Pa. Oct. 3, 2017), *R. & R. adopted*, No. 16-6171, 2017 WL 4844830 (E.D. Pa. Oct. 25, 2017).

Second, the ALJ appropriately made his determination based on *any* twelve month period during the relevant time period as evidenced by the ALJ explicitly stating that: (1) Plaintiff "ha[d] not been under a disability . . . from October 28, 2022, through [May 20, 2024] the date of [the ALJ's] decision"; (2) "the record does not establish that this impairment . . . has met the twelve-month duration requirement"; and (3) Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for [twelve] consecutive months." (AR 20, 22-23); *Cindy Rose Carmona ex rel. F.I.C v. Kijakazi*, No. 22-275, 2023 WL 4762926, at *13 (D. Del. July 26, 2023) (finding that the ALJ determined that plaintiff "was not disabled for any [twelve]-month 'closed period' [during] the relevant time frame" because the ALJ concluded that plaintiff had not been disabled since the application date).

Third, as detailed above, the ALJ explicitly cited to the record throughout his decision, and therefore did not rely upon his own lay opinion. *Miller v. Astrue*, No. 11-1307, 2012 WL 2370424, at *12 (W.D. Pa. June 22, 2012) (finding that the ALJ did not substitute her own lay opinion because her "determinations were based upon the medical evidence of record").

Fourth, Plaintiff's contention that the ALJ should have further developed the record is incorrect because "it is the [p]laintiff who bears the burden of proof at step two." *Watson v. Saul*,

No. 17-11734, 2021 WL 165098, at \*12 (D.N.J. Jan. 19, 2021) (citations omitted); *Kerins v. Comm'r of Soc. Sec.*, 174 F. App'x 100, 103 (3d Cir. 2006) ("The claimant bears the burden of production and persuasion in these first two steps." (citation omitted)); *Devine v. Comm'r of Soc. Sec.*, No. 24-17, 2024 WL 4372306, at \*2 (E.D. Pa. Oct. 2, 2024) (same); *Sergio R. v. Comm'r of Soc. Sec.*, No. 21-10280, 2022 WL 2357453, at \*8 (D.N.J. June 30, 2022) (explaining that "[t]here was no need for the ALJ to further develop the record" because "the burden to supplement the record ultimately rested with" the plaintiff); *Kevin M. v. Kijakazi*, No. 20-7668, 2022 WL 844425, at \*7 (D.N.J. Mar. 22, 2022) (explaining that plaintiff "bears the burden of developing the record in the first instance" and "the ALJ need not search for all available relevant evidence" (citation omitted)).

The Court therefore finds that the ALJ properly made the determination that Plaintiff's impairments are not severe, and that determination is supported by substantial evidence in the record.

### B.    The ALJ's Determination that Plaintiff's Mental Impairments Were Not Medically Determinable Is Supported by Substantial Evidence in the Record.

Plaintiff next argues that the ALJ failed to evaluate and develop the evidence related to Plaintiff's mental impairments. (Pl.'s Moving Br. 10-19; Pl.'s Reply Br. 8-16.) Plaintiff contends that the ALJ was required to follow the psychiatric review technique (the "PRT") because Plaintiff had an alleged mental impairment. (Pl.'s Moving Br. 13.) Plaintiff, who received treatment from a licensed associate counselor, also contends that the "mere fact that an impairment is treated or diagnosed by a licensed associate counselor does not render th[e] impairment non-medically determinable." (*Id.* at 14.)

The Court notes, however, that "[t]he PRT . . . is required once the claimant's burden of establishing a medically determinable impairment is met." *Wilson v. Colvin*, No. 16-2411, 2017

WL 9511142, at *6 (E.D. Pa. Feb. 8, 2017) (citing 20 C.F.R. § 416.920a(b)), *R. & R. adopted sub nom., Wilson v. Berryhill*, No. 16-2411, 2017 WL 2991838 (E.D. Pa. July 14, 2017); *Coleman v. Colvin*, 524 F. App'x 325, 326 (9th Cir. 2013) (explaining that because the claimant "failed to establish a medically determinable mental impairment, she necessarily also failed to establish a colorable claim of mental impairment such that the ALJ had no duty to apply the special psychiatric review technique and determine her degree of functional limitation" (citations omitted)).

To establish a medically determinable mental impairment, the claimant must present objective medical evidence demonstrating psychological abnormalities from an acceptable medical source. 20 C.F.R. § 404.1521. An acceptable medical source under the regulations is specifically defined and includes, among other things, licensed physicians, and licensed psychologists. 20 C.F.R. § 404.1502.

Here, the Court finds that the ALJ correctly concluded that Plaintiff did not have a medically determinable mental impairment because "there was no 'acceptable medical source' in the record to establish the existence of the alleged mental impairments." *Newcomb v. Kijakazi*, No. 20-1552, 2022 WL 178820, at *8 (M.D. Pa. Jan. 18, 2022) (citations omitted); *see also* 20 C.F.R. §§ 404.1521, 416.921 ("a physical or mental impairment must be established by objective medical evidence from an acceptable medical source"). Notably, the ALJ correctly explained that a licensed associate counselor's diagnosis does not qualify as an "acceptable medical source." *McMullen v. Colvin*, No. 16-862, 2017 WL 372236, at *8 n.4 (M.D. Pa. Jan. 26, 2017) (explaining that "a licensed professional counselor[] is not an 'accepted medical source'"); *Newcomb*, 2022 WL 178820, at *8 (explaining that "the ALJ correctly concluded" that plaintiff "did not have a medically determinable impairment" because a "social worker . . . does not qualify as an 'acceptable medical source[]'" (citations omitted)); *Webb v. Colvin*, No. 14-250, 2015 WL

10

2401717, at *11 (W.D. Pa. May 20, 2015) ("[I]nasmuch as [p]laintiff was never diagnosed with depression or anxiety from an 'acceptable medical source,' the ALJ did not err in finding that neither of these alleged conditions constituted 'medically determinable impairments[.]'").

Because there was no evidence from an acceptable medical source introduced into the record (*see generally* AR), and Plaintiff's counsel expressly stated that he considered the record complete (*id.* at 33), the ALJ's determination that Plaintiff did not have a medically determinable mental impairment is supported by substantial evidence in the record. *Silver v. Kijakazi*, No. 21-1918, 2024 WL 53019, at *4 (E.D. Pa. Jan. 3, 2024) (affirming ALJ's decision where, among other things, the ALJ found that plaintiff did not have a medically determinable impairment because plaintiff's psychotherapist was not an acceptable medical source). The ALJ was therefore not required to perform a PRT analysis. *See Wilson*, 2017 WL 9511142, at *6. The Court, accordingly, affirms the decision of the ALJ.

## IV.    CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: MARCH 23rd, 2026